**CORNING GLASS WORKS v. COE, Com'r of Patents.**

**Civil Action No. 13567.**

District Court of the United States for the District of Columbia.

March 3, 1943.

Vernon M. Dorsey, of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. of Patent Office, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for defendant.

LUHRING, Justice.

This is an action under R.S. § 4915, 35 U.S.C.A. § 63, in which the plaintiff seeks to have the Court authorize the allowance of certain claims to a refractory product and method of making it.

The specification of the Yoshiki application on which the claims in issue are based reads as follows:

"The usual batch for electro-melting for casting refractories is a mixture of aluminous and siliceous substances containing 1% or over of alkali. As the melt cools, mullite and corundum crystallize out of the melt, with an increase of the alkali content in the still liquid phase which finally solidifies as a glass between the crystals. I find that by reducing the alkali content of the melt to 0.1% or under, and adding magnesia, the amount of glass is greatly reduced, and the space between the corundum and mullite crystals becomes filled with crystals of cordierite ($2MgO$, $2Al_2O_3$, $5SiO_2$) which act as a binder therefor.

"The following are example batch compositions which may be employed—

|  | I | II |
|---|---|---|
| Alumina | 65% | 70% |
| Silica | 28 | 25 |
| Magnesia | 7 | 5 |

"The formation of crystals of cordierite is aided by very slow cooling from the molten state.

"Cordierite is well known to have a very low expansion coefficient, therefore electrocast blocks containing appreciable percentages of cordierite are resistant to spalling."

The references relied on are two patents to Hauman, Nos. 1,966,406 and 1,966,407, the latter being a continuation in part of the former. The disclosures of these patents are quite similar and each suggests the production of a refractory article having as a "ratio of important ingredients," alumina ($Al_2O_3$) 70%, silica ($SiO_2$) 25% and magnesia ($MgO$) 5%. This is the identical proportioning given by Yoshiki.

Neither Hauman nor Yoshiki suggests any new process of melting and cooling, and, therefore, it is assumed that both follow standard practice in this respect. Since both the application and the references use the same ingredients and their method of treatment is the same, it must follow that the end product in both cases must be the same. Clearly, one skilled in the art and following the teachings of Hauman will produce the results claimed by Yoshiki.

The claims are unpatentable in view of Hauman and the complaint must be dismissed.

Counsel will please prepare and submit appropriate findings and conclusions, together with decree dismissing the complaint.